3685xxxx.010

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| KIRK G. JOHNSON, ) | Bankruptcy Case No. 05-35220 TPA |
|         Debtor. ) | |
| KIRK G. JOHNSON, ) | Chapter 11 |
|         Plaintiff, ) | |
|    vs. ) | Adversary No. |
| THE INTERNAL REVENUE SERVICE ) | |
| OF THE DEPARTMENT OF THE TREASURY) | |
| OF THE UNITED STATES OF AMERICA and ) | |
| THE COMMONWEALTH OF ) | |
| PENNSYLVANIA, DEPARTMENT OF ) | |
| LABOR AND INDUSTRY, ) | |
|         Defendants. ) | |

**ADVERSARY COMPLAINT - COMPLAINT TO DETERMINE
VALIDITY, PRIORITY, AND EXTENT OF LIENS OF THE
INTERNAL REVENUE SERVICE AND PENNSYLVANIA DEPARTMENT
OF LABOR AND INDUSTRY AGAINST THE DEBTOR'S ASSETS**

AND NOW, comes the Debtor, Kirk G. Johnson, t/b/a KJ Transit, by and through his counsel, Phillip S. Simon and Gary W. Short of Simon & Short, LLC and commences this Adversary Proceeding to determine the validity, priority and extent of the liens of the Internal Revenue Service of the Department of the Treasury of the United States of America and the Commonwealth of Pennsylvania, Department of Labor and Industry against the Estate, based on the following:

**Parties, Jurisdiction and Venue**

1. The Plaintiff is the Debtor in Possession, Kirk G. Johnson ("Debtor"), who operates a proprietorship, KJ. Transit, and who filed a Chapter 11 Petition to commence this bankruptcy proceeding on October 10, 2005, ("Petition Date").

3685xxxx.010

2. The Debtor is a Pennsylvania resident and resides in Allegheny County at 4008 Turnwood Lane, Coraopolis, PA 15108.

3. The Defendant is the Internal Revenue Service of the Department of Treasury of the United States of America ("IRS") who has filed a Proof of Claim in this proceeding and in that Proof of Claim listed its address as 1001 Liberty Avenue, Suite 1300, Pittsburgh, PA 15222.

4. Defendant, the Commonwealth of Pennsylvania, Department of Labor and Industry ("Labor") who has filed a Proof of Claim in this proceeding.

5. Jurisdiction in this adversary proceeding is conferred by 28 U.S.C. §1334. Venue is proper in this judicial district under 28 U.S.C. §1404. This a core proceeding pursuant to 28 U.S.C. §158.

### IRS's Proof of Claim

6. On or about February 17, 2006, the Service filed an Amended Proof of Claim in this Bankruptcy Proceeding asserting against the Debtor a secured claim of $178,673.05 and an unsecured priority claim of $2,374.71 for a total claim of $181,047.76. A true and correct copy of two pages of the Service's Proof of Claim is attached hereto as Exhibit "1". The Service's Proof of Claim includes substantial interest to the Petition Date and substantial penalties which total $49,355.46 and comprises approximately 27 percent of the Service's claim.

### Labor's Proof of Claim

7. Labor's Proof of Claim indicates that it filed its tax lien after the IRS filed its tax liens. Consequently, Labor is totally under-secured and is not entitled to an allowed secured claim

### The Debtor's Assets and the Prior Liens Against Those Assets

8.     The Debtor owns real property at 4008 Turnwood Lane, Coraopolis, PA 15108 ("Real Property") which the Debtor estimated as having a value of $285,000.00 in his Schedule A. The Debtor has obtained an appraisal done by Carmen Gionta, a real estate appraiser certified by the Commonwealth of Pennsylvania, which indicates that the fair market value of the Real Property is $279,000.00 as of the Petition Date. A true and correct copy of four pages of this appraisal is attached hereto as Exhibit "2". The Real Property is subject to a purchase money first mortgage lien of Homecomings Financial of $279,440.00 ("Homecomings Lien") as of the Petition Date, as indicated by the Debtor's schedules. The Real Property is also subject to a first lien for county real estate taxes in the amount $215.61 which is evidenced by the Proof of Claim filed by John J. Marciano, III, Esquire, as attorney for Jordan Tax Service, agent for the County ("County Lien"). This Proof of Claim is incorporated herein by reference.

9.     The Homecomings Lien and the County Lien exceed the fair market value of the Property on the Petition Date, leaving no equity against which the Service's asserted secured claim can attach. The Homecomings Lien and the County Lien predate the Service's alleged liens and are superior to and take priority over the Service's alleged secured claim.

10.    The Debtor listed miscellaneous personal property on his Schedule B filed in this Bankruptcy Proceeding, having a total fair market value of $53,595.83. A copy of the Debtor's Schedule B is attached hereto as Exhibit "3". The Debtor claimed exemptions, to which no party interest has objected in the miscellaneous personal property of approximately $30,971.20 leaving personal property not exempted of approximately $22,624.63. The only item of personal property subject to a lien is a 2002 Lincoln Navigator vehicle ("Navigator"), listed in the Debtor's Schedule B as having a fair market value of $18,675.00 as of the Petition Date. The Debtor's Schedule D lists the Navigator as being subject to a purchase money security interest lien in favor of M&T Credit Services, LLC who held a secured claim against the Navigator of $12,221.00 on the Petition Date, ("M&T Lien") leaving equity of $6,454.00 in the Navigator.

11.    The M&T Lien is superior to, and takes priority over, the Service's alleged secured

3685xxxx.010

claim against the Navigator. The fair market value of all the Debtor's personal property on the Petition Date was $53,595.88 and subject to the prior and superior M&T Lien in the Navigator of $12,221.00 leaving equity of $41,374.88 in the Debtor's personal property as of the Petition Date.

### **Count I - 506 Action against the IRS**

12. The foregoing paragraphs of this Complaint are incorporated herein by reference.

13. Section 506(a) of the Bankruptcy Code provides, in part:

> an allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is secured to the extent of the value of such creditor's interest in the Estate's interest in such property .... and is an unsecured claim to the extent that the value of such creditor's interest .... is less than the amount of such allowed claim.

14. The Debtor's real property, which had a fair market value of $278,000.00 on the Petition Date was encumbered by the Homecomings Lien and the County Lien which take priority over the Service's alleged secured claim. The Debtor's Real Property is over encumbered by the Homecomings and County Lien and therefore, the Service does not hold a secured claim against the Debtor's Real Property.

15. The Debtor's personal property had a value of $53,595.88 on the Petition Date which included the Navigator which had a value of $18,675.00 as of the Petition Date, but was encumbered by the M&T Lien of $12,021.00 which Lien is superior to and takes priority over the Service's lien. The Debtor's equity in personal property after taking into account the M&T Lien is $41,374.88, which is, on information and belief, not subject to liens of other parties and is the extent of the Service's secured claim in the Debtor's property.

WHEREFORE, the Debtor, Kirk G. Johnson t/d/b/a KJ Transit, respectfully requests the Court enter an Order granting the Internal Revenue Service of the Department of the Treasury of the

3685xxxx.010

United States of America an allowed secured claim in the Debtor's personal property of $41,374.88 and an unsecured claim of $139,672.88, or such other amount as the Court may find, and for such other and further relief as is appropriate under the circumstances.

### Count II - Objection to the IRS's Claim

16. The foregoing paragraphs of this Complaint are incorporated herein by reference.

17. On information and belief, the Service overstated the Debtor's tax liability for the kind of tax and tax period stated in the Service's Proof of Claim. Upon information and belief, the Service failed to properly credit all Debtor's payments to the tax liabilities listed in the Service's Proof of Claim.

18. If the Service's alleged secured claim of $178,673.05 is "stripped down" to an allowed secured claim of $41,374.88, the Service has a potential unsecured allowed claim of $139,672.88. Of this potential unsecured claim, the Service's Proof of Claim indicates priority taxes (withholding and recent income taxes) of $30,593.00 (including taxes and interest, but not penalties), and a non-priority unsecured claim of $109,079.88.

WHEREFORE, the Debtor, Kirk G. Johnson t/d/b/a KJ Transit, respectfully requests the Court enter an Order granting the Internal Revenue Service of the Department of the Treasury of the United States of America

(a) an allowed secured claim in the Debtor's personal property of $41,374.88 and
(b) an allowed unsecured priority claim, under Section 507(a)(8) of the Bankruptcy Code of $30,595.00, and
(c) a general unsecured claim of $109,079.88;

or such other amount as the Court deems appropriate under the circumstances, and for such other and further relief as is appropriate under the circumstances.

### Count III - 506 Action Against Labor

3685xxxx.010

19. The foregoing paragraphs of this Complaint are incorporated herein by reference.

20. Labor's lien is junior in priority to the IRS liens. The IRS's liens and liens senior thereto exceed the value of the Debtor's assets.

WHEREFORE, the Debtor, Kirk G. Johnson t/d/b/a KJ Transit, respectfully requests the Court enter an Order:

(a) voiding Labor's lien and removing it from the Debtor's assets;
(b) granting Labor an allowed unsecured priority claim, under Section 507(a)(8) of the Bankruptcy Code of $1,035.59;

or such other amount as the Court deems appropriate under the circumstances, and for such other and further relief as is appropriate under the circumstances.

Respectfully submitted,

　/s/ Gary W. Short　
Gary W. Short
Pa. I.D. No. 36794
Simon & Short, LLC
2317 Koppers Building
Pittsburgh, PA 15219
(412) 765-0100
Counsel for the Debtor and Plaintiff,
Kirk G. Johnson t/d/b/a KJ Transit